UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY HAI TRAN (A-042-531-287),<br>Petitioner,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al,<br>Respondents. | No. 1:26-cv-5451-TLN-CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Huy Hai Tran (A-042-531-287), a native and citizen of Vietnam who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On July 23, 1996, an immigration judge ordered petitioner removed to Vietnam. Since then, petitioner has been detained by immigration officials multiple times. On June 15, 2026, petitioner was detained by U.S. Immigration Customs and Enforcement ("ICE"). On June 16, 2026, the Department of Homeland Security ("DHS") served petitioner with a Notice of Revocation of Release. This habeas action concerns petitioner's June 15, 2026 detention. For the reasons that follow, this Court recommends that the petition be denied.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a citizen of Vietnam. (ECF No. 8 at 4.) Petitioner last entered the United States as an immigrant on September 24, 1991. (Id.) On July 23, 1996, an immigration judge ordered petitioner removed to Vietnam. (ECF No. 6 at 7.) In his verified petition, petitioner claims that he has since been detained by ICE three times. (ECF No. 1 at 7.) Petitioner was most recently detained by ICE on June 15, 2026.[2] (ECF No. 8 at 4.)

On June 16, 2026, DHS served petitioner with a Notice of Revocation of Release stating that his Order of Supervision, issued September 3, 2010, was revoked because petitioner violated the conditions of his release.[3] (ECF No. 6 at 9-10.) The Notice of Revocation of Release states that petitioner's sixteen month prison sentence following his arrest for burglary and grand theft on August 10, 2023 violated the conditions of his release. (Id. at 9, 51-52.)

## II. PROCEDURAL BACKGROUND

On July 14, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On July 16, 2026, the district court referred this matter to the undersigned for all further proceedings. (EF No. 3.) On July 24, 2026, respondents filed an answer to the petition. (ECF No. 6.) Petitioner did not file a reply to the response. (See docket.) On August 24, 2026, this Court ordered respondents to file a supplemental brief addressing when petitioner's current detention began. (ECF No. 7.) On August 27, 2026, respondents filed their supplemental brief. (ECF No. 8.) Briefing is now complete.

///

///

---

[2] In the petition, petitioner claims that his detention began on February 24, 2026. (ECF No. 1 at 7.) The I-213 form indicates that on June 15, 2026, petitioner was transferred from the custody of the Contra Costa County Jail to ICE. (ECF No. 8 at 4.) Based on this record, this Court finds that petitioner's claim that his detention began on February 24, 2026 is likely based on his initial custody in the Contra Costa County Jail, and concludes that petitioner was detained by ICE on June 15, 2026.

[3] The Form I-213 states that petitioner was last released from ICE custody on an Order of Supervision dated March 9, 2016. (ECF No. 8 at 4.) As stated above, the Notice of Revocation of Release states that petitioner violated his Order of Supervision issued September 3, 2010. (ECF No. 6 at 9.) This Court need not resolve this discrepancy as it does not affect the Court's analysis.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner challenges his continued detention based on the violation of the following: (1) violation of 8 U.S.C § 1231(a)(6) (claims one and four); (2) denial of a post-order custody review in violation of the right to due process (claim two); and (3) violation of the Fifth Amendment Due Process Clause because petitioner's continued detention it is not reasonably related to its purpose (claim three). (ECF No. 1 at 6-8.)

Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(6) because he is subject to a final order of removal. (ECF No. 6 at 2-4.)

### A. Claims One, Three and Four

In claims one and four, petitioner argues that his detention violates 8 U.S.C. § 1231(a)(6). In claim three, petitioner argues that his continued detention violates the Fifth Amendment Due Process Clause.

Pursuant to 8 U.S.C. § 1231(a)(1), the Attorney General of the United States shall remove a noncitizen within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the removal order is judicially reviewed and a stay of removal is ordered, the date of the court's final order; or (iii) the date the noncitizen is

released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). If the noncitizen is not removed within the removal period, the noncitizen shall be released and subject to supervision with certain conditions. 8 U.S.C. § 1231(a)(3). "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Johnson v. Arteaga-Martinez, 596 U.S. 573, 578–79 (2022) (quoting 8 U.SC. § 1231(a)(6)).

Apparently because petitioner was previously detained for 90 days, respondents argue that petitioner is now lawfully detained under 8 U.S.C. § 1231(a)(6). (ECF No. 6 at 2-4.) For the following reasons, this Court rejects this argument. As another district court noted in a similar context, "[t]his case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in Zadvydas." Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025); see also Yan-Ling X. v. Lyons, 2025 WL 3123793, at *3 (E.D. Cal. Nov. 7, 2025). As in Nguyen, "[t]his case is about ICE's authority to re-detain [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Nguyen, 788 F. Supp. 3d at 149. "[T]his is not your typical first round detainment of an alien awaiting removal. Petitioner was previously detained, then released on supervised release for several years, and his 90-day removal period expired." Escalante v. Noem, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025). In the instant case, petitioner was previously detained, then released on an Order of Supervision, and his 90 day removal period expired.

A set of regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed. A noncitizen who has been released under an Order of Supervision "who violates any of the conditions of release may be returned to custody . . . and may be continued in detention for an additional six months in order to affect the alien's removal, if possible[.]" 8 C.F.R. § 241.13(i)(1). A noncitizen's release may also be revoked "if, on account of changed circumstances," it is determined that "there is a

significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). As stated above, the Notice of Revocation of Release dated June 16, 2026, states that petitioner's release was revoked because petitioner violated his Order of Supervision by receiving a 16 month prison sentence following his August 10, 2023 arrest for burglary and grand theft. (ECF No. 6 at 9.) Because petitioner violated the conditions of his Order of Supervision by committing these offenses, ICE may detain petitioner for six months. See 8 C.F.R. § 241.13(i)(1). Because petitioner has been detained less than six months, petitioner's detention is lawful. For this reason, and because petitioner is not detained pursuant to 8 U.S.C. § 1231(a)(6), this Court recommends that claims one, three and four be denied.

**B. Claim Three**

In claim three, petitioner claims that he was denied a post-custody review in violation of his right to due process. 8 C.F.R. § 241.13(i)(3) requires a prompt interview following re-detention: "Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." Petitioner appears to claim that he did not receive the interview required by Section 241.13(i)(3).

Attached to respondents' answer is a document titled, "Alien Informal Interview Upon Revocation of Order of Supervision Under 8 C.F.R. § 241(l); 8 C.F.R. § 241.13(i)." (ECF No. 6 at 14.) This document states that on June 16, 2026, Officer Kichak conducted an informal interview of petitioner to afford petitioner an opportunity to respond to the reasons for revocation of his Order of Supervision stated in the notification letter. (Id. at 14.) This document states that petitioner did not provide a written statement or documents. (Id.) This Court observes that the notification letter states that petitioner's release was revoked because he violated a condition of his release. (Id. at 11.) Though the notification letter does not describe how petitioner violated a condition of his release, the Notice of Revocation of Release describes how petitioner violated the

conditions of his release and this Notice was served on petitioner on June 16, 2026 and contains petitioner's signature. (Id. at 10, 11.) Therefore, this Court finds that petitioner was notified of the reasons for the revocation of his release and promptly provided with an informal interview following his re-detention to respond to the reasons for the revocation of his Order of Supervision. For these reasons, this Court finds no violation of petitioner's right to due process and recommends that claim three be denied.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (ECF No. 1) be denied.

2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Tran5451.157.imm/2